**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

IN RE:                                         Case No. 14-26895-RAM

JUAN A. SUAREZ,                                Chapter 13

      Debtor.

_____/

JUAN A. SUAREZ,                                Adv. Pro. No.:

      Plaintiff,

v.

LA LEY CON JOHN H. RUIZ, P.A., a Florida
professional association, MSP RECOVERY,
LLC, a Florida limited liability company, and
JOHN H. RUIZ, an individual,

      Defendants.

_____/

## <u>COMPLAINT TO DETERMINE DEBT AND VALIDITY,</u><br><u>PRIORITY, AND EXTENT OF LIENS</u>

Plaintiff, Juan A. Suarez (the "Debtor"), through undersigned counsel, files this

complaint against the defendants La Lay con John H. Ruiz, P.A. (the "Law Firm"), MSP

Recovery, LLC ("MSP"), and John H. Ruiz ("Ruiz", and together with the Law Firm and MSP,

the "Defendants"), and states:

## <u>JURISDICTION</u>

1.      This is an adversary proceeding brought pursuant to Fed. R. Bankr. P. 7001(2)

and 11 USC 522.

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (K), and (O), because this matter concerns the administration of and property of the underlying bankruptcy estate.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

**PARTIES**

4.      Plaintiff, Juan A. Suarez, is an individual, *sui juris¸* and resides in Miami-Dade County, Florida.

5.      Defendant, John H. Ruiz, is an individual, *sui juris¸* and resides in Miami-Dade County, Florida.

6.      Defendant, La Ley con John H. Ruiz, P.A. Florida professional association with its principal place of business in Miami-Dade County, Florida.

7.      Defendant, MSP Recovery, LLC is a Florida limited liability company, with its principal place of business in Miami-Dade County, Florida.

**GENERAL ALLEGATIONS**

***The Foreclosure***

8.      Upon information and belief, in or around 2007, the Debtor entered into a mortgage and a note (collectively, the "Mortgage") with JP Morgan Chase Bank, N.A. (the "Lender").

9.      The Mortgage was secured by property located at 8246 NW 108th Avenue, Unit 2, Doral, Florida 33178 (the "Real Property").

10.     The Real Property is the Debtor's Florida constitutional homestead.

11.     In 2009, the Lender filed a foreclosure action against the Debtor, commencing the case styled *JP Morgan Chase Bank, N.A. v. Juan A. Suarez, et al.,* Case No. 2009-CA-53837,

currently pending in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Foreclosure Proceeding").

### *The Foreclosure Proceeding*

12.    During the Foreclosure Proceeding, the Debtor sought legal help from Ruiz and the Law Firm.

13.    On or about April 9, 2009, the Debtor entered into a retainer agreement (the "Retainer Agreement") with the Law Firm for assistance with the foreclosure proceeding. A copy of the Retainer Agreement is attached as **Exhibit 1**.

14.    The Retainer Agreement required the Debtor to pay the Law Firm $500.00 per month throughout the firm's representation of the matter, which would be credited against the minimum hourly rates of the attorneys and paralegals at the Law Firm.

15.    The Retainer Agreement also included a contingency fee based upon (1) 25% of the amount reduced from the existing mortgage and/or note; and (2) 25% of any attorney's fees or counterclaims that resulted in the recovery of fees.

16.    In the event of default under the Retainer Agreement, "[i]f the matter is in litigation, the [Law Firm] will move to withdraw from representation."

17.    Nothing in the Retainer Agreement purported to give any security interest in the Real Property.

18.    From April 9, 2009 to June 4, 2010, the Debtor paid the Law Firm $500 per month. An invoice showing the purported monthly charges is attached as **Exhibit 2** (the "Invoice").

19.    The Debtor cannot ascertain the work done by the Law Firm from the Invoice. Despite multiple requests, an itemized bill of all time expended and work performed on the Debtor's case has not been provided to the Debtor or Debtor's counsel.

20.    Approximately two weeks after the Debtor's final payment to the Law Firm in June 4, 2010, the Debtor went to the Law Firm to inquire about his case.

21.    The Debtor was uneasy about the Law Firm's representation and terminated the Law Firm's services.

22.    Nevertheless, the Law Firm continued to charge the Debtor $500 per month from May 9, 2010 to March, 9, 2012, totaling $11,500.00 (the "Alleged Debt").

23.    The Invoice does not show what work, if any, was done during this time.

24.    After having been terminated for twenty two months, the Law Firm recorded an attorney's charging lien against the Real Property (the "Charging Lien").

### The Bankruptcy Case

25.    On July 28, 2014 (the "Petition Date"), with the help of *pro bono* bankruptcy counsel, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code.

26.    By filing the bankruptcy case, the Debtor sought to restructure his debts and participate in a Mortgage Modification Mediation (the "MMM") with the Lender and Fay Servicing, LLC, the Debtor's mortgage servicer.

27.    On November 9, 2014, the Debtor filed his Second Amended Chapter 13 Plan [ECF No. 58] (the "Second Amended Plan").

28.    The Second Amended Plan was confirmed on November 17, 2014 [ECF No. 61].

29.    Contemporaneously with the Debtor's efforts at confirming a Chapter 13 plan, the Debtor filed an *Ex Parte Verified Motion for Referral to Mortgage Modification Mediation with*

*Fay Servicing, LLC* (the "MMM Motion") [ECF No. 46], initiating the MMM process with Fay Servicing.

30.    Fay Servicing ultimately denied the Debtor all modification retention options through the MMM program.

31.    Fay Servicing did, however, invite the Debtor to participate in a deed-in-lieu (the "DIL") process, whereby the Debtor would deliver the DIL to the Lender and/or Fay Servicing in exchange for $10,000.00 relocation assistance.

32.    The Second Amended Plan was modified to treat Fay Servicing outside of the plan [ECF No. 82], while the Debtor pursued the DIL option.

33.    Thereafter, the Lender set a foreclosure sale of the Real Property for December 14, 2015 (the "Foreclosure Sale").

34.    The Debtor has been working with Fay Servicing for over a month to deliver the DIL and is prepared and ready to execute the DIL and turn the property over to the Lender and/or Fay Servicing.

### *The Temporary Restraining Order*

35.    On December 12, 2015, days before the Foreclosure Sale, the Debtor filed a complaint against the Lender and Fay Servicing for a preliminary injunction.

36.    The Debtor then immediately filed the *Debtor's Emergency Ex Parte Verified Motion for a Temporary Restraining Order* (the "TRO").

37.    The Court granted the TRO and the Foreclosure Sale did not go forward.

38.    The Court also set a hearing on whether to dissolve the TRO or convert it to a preliminary injunction for December 22, 2015 (the "TRO Hearing").

39.     Prior to the TRO Hearing, Debtor's counsel communicated with counsel for the Lender and Fay Servicing regarding alleged federal tax liens. At that time, the Defendants' counsel informed the Debtor's counsel of an attorney Charging Lien in the amount of $11,000.00, alleged to be upon the Real Property, which was not previously known to the Debtor.

40.     In order to move forward with the DIL, the Charging Lien must be removed.

## COUNT I
### (Determination of Debt)

41.     The Plaintiff re-alleges and restates the allegations made in paragraphs 1 through 30 of the Complaint, as well as the allegations set forth in Count I as if fully restated herein.

42.     This is a claim for declaratory relief, pursuant to Bankruptcy Rule 7001, 28 U.S.C. § 2201, Chapter 86, Florida Statutes, and other applicable law, to determine amount of the Alleged Debt.

43.     After the Law Firm was terminated by the Debtor, it continued to charge the Debtor monthly payments.

44.     Upon information and belief, the Law Firm was not providing services to the Debtor at the time the Alleged Debt was incurred.

45.     Charging the Debtor for twenty-two months after representation was terminated was improper.

WHEREFORE, the Debtor respectfully requests this Court: (a) determine the Alleged Debt to have been paid in full; and (b) granting any such other relief it deems appropriate.

## COUNT II
### (Determination of Validity, Priority, and Extent of Lien)

46.    The Plaintiff re-alleges and restates the allegations made in paragraphs 1 through 40 of the Complaint, as well as the allegations set forth in Count I as if fully restated herein.

47.    This is a claim for declaratory relief, pursuant to Bankruptcy Rule 7001, 28 U.S.C. § 2201, Chapter 86, Florida Statutes, and other applicable law, to determine the validity, priority and extent of liens or interests of the Defendants.

48.    The Real Property is the Debtor's Florida constitutional homestead.

49.    The Defendants have recorded the Charging Lien against the Real Property.

50.    The Retainer Agreement did not grant any security interest in the Real Property to the Defendants.

51.    Accordingly, the Charging Lien does not attach to the Real Property.

WHEREFORE, the Debtor respectfully requests this Court: (a) enter a declaratory judgment that the Charging Lien does not attach to the Real Property; (b) avoiding the Charging Lien to the extent necessary; and (c) granting any such other relief it deems appropriate.

DATED: February 29, 2016                     LEIDERMAN SHELOMITH, P.A.
                                             Attorneys for Debtor
                                             2699 Stirling Road, Suite C401
                                             Ft. Lauderdale, Florida 33312
                                             Telephone: (954) 920-5355
                                             Facsimile: (954) 920-5371


                                             By:_____/s/_____
                                             FELIPE PLECHAC-DIAZ
                                             Florida Bar No. 0105483
                                             fplechacdiaz@lslawfirm.net

#4782101 v1                                      7

# Exhibit 1

## QUESTIONNAIRE- REAL ESTATE/MORTGAGE/FORECLOSURE CASE

Intake Date: _04/09/09_
Completed by: _Lidi_      _F7/11/8_   (referred by: _tador_)

### MATTER #:  09 - 2 - _1454_

### RUSH / Special Circumstance: _____

CLIENT NAME: _Juan A Suarg_
First      Middle      Last
ADDRESS: _8216 NW 08 Ave #2 Dorg / Fl. 33178._
Street Address    City/State    Zip Code

PHONE: (H) _3/481/(W)0102_ , (Cell) _3/7923024_ .

EMAIL ADDRESS: _____

SOC-SEC _____ DATE OF BIRTH _____ AGE __

SPOUSE NAME: _____ SPOUSE SS # _____

LANGUAGE: _____

### PROPERTY ADDRESS

ADDRESS: _Some._

OWNER(S): _Same and Dranguoz als._

### BANK / LIEN HOLDER

LIENHOLDER : _CHSP._

ADDRESS: _____

TELEPHONE: _____ FACSIMILE: _____

CONTACT: _____

LOAN #: _____

_1 —_

_2 —_

# CASE NOTES / INFORMATION

# CONTRACT FOR LEGAL SERVICES

BY  THIS  INSTRUMENT,  I(we)  the  undersigned,  *Juan A. Suara* ,

hereby retain THE LAW OFFICE OF JOHN H. RUIZ, P.A. to represent me(us) as personal counsel

for the property(s) listed below:

*8246 NW 108 44 Ave, Unit 2*
*Doral Fl. 33178.*

## 1.  COMPENSATION FOR ATTORNEYS:

**RETAINER**:  At the commencement of our representation, you are to pay to this Firm the initial

sum of $ *1800 - 0* ,unused portions of which shall be _____ **REFUNDABLE.** Client will

agree to pay law firm, on a monthly basis, 25% of the mortgage loan payment previously made or

$ 500 minimum if the mortgage payment is less than $ 2000; as a fee to defend and/or prosecute

any action to collect from client or that client initiates to collect as a result of one or more

violations at the time of the procurement of the loan or in the manner in which the loan has been

processed.  Client agrees to pay the sum of $ *500.00* per month throughout the firm's

representation of the above matter. This retainer will be credited against minimum hourly rates of

**$500.00 for John H. Ruiz, $300.00 for any Associate and $125.00 for Paralegals,** and the

1

**JOHN H. RUIZ, P.A.**
5040 NW 7th Street, Penthouse, Miami, FL 33126  (305) 649-0020

overall fees and costs in your matter when the final billing occurs. Client will not be required to pay more than the monthly fee unless the contingency is met.

**CONTINGENCY:**

Client also agrees to pay law firm 25% of any amount reduced from the existing mortgage and/or note amount from the amount currently owed. To this extent, law firm will assist client in obtaining a new loan or a modification of the existing loan based on the ability of client to qualify. This amount will be charged only on a contingent basis if the client is able to obtain a new loan amount.

Further, Client agrees to pay the greater of 25% of any recovery after filing suit, or the contractual, statutory fees or common law remedy awarded by court or agreed to with any person or entity sued, inclusive of any lodestar multiplier awarded by the court. Furthermore, JOHN H. RUIZ, P.A., will be entitled to the higher of statutory awarded attorney's fees pursuant to Florida and/or Federal law either by statute or contract or a settlement by the defendant of an attorney's fees claim as a result of settlement of fees pursuant to a State and/or Federal statute authorizing an award of attorney's fees or pursuant to a contract that entitles the undersigned Client to an award of fees whether as an individual claim or as a class action.

## 2.    REPRESENTATION, INVESTIGATION AND LITIGATION COSTS:

These costs are separate and apart from the attorneys' fees. Costs include, but are not limited to, filing fees, expert witness fees, deposition fees, witness fees, court reporter fees, long distance telephone charges, photocopy charges, etc. JOHN H. RUIZ, P.A. will pay these costs up front,

2

**JOHN H. RUIZ, P.A.**
5040 NW 7th Street, Penthouse, Miami, FL 33126  (305) 649-0020

however, once there is a settlement and/or judgment amount, then JOHN H. RUIZ, P.A. may retain and deduct its costs advanced herein provided, prior to disbursing to me/us the amounts to which we are due from said settlement or judgment.

3.   **FINAL BILLING**:   The final billing will be based on the agreed hourly rate.  The standards for this rate are as follows:

      a-     the results accomplished,
      b-     the amount in controversy,
      c-     the novelty and difficulty of the case,
      d-     the skills required to present your case,
      e-     the experience, expertise and ability of our firm, together with the attendant responsibility, and
      f-     whether or not the employment was of a nature so as to cause loss of other profitable business.

These standards have been established by the Florida Bar in accordance with Section 1.5 of the Rules Regulating the Florida Bar, the applicable portions of which are included in this Agreement.

4.   **OFFICE REPRESENTS CLIENT**: You should know and understand that you are represented by this OFFICE and any Attorney employed by this Office is also employed by you and may represent you.  Fees and costs previously outlined above will no way differ pending on who the Attorney is in this Office ultimately representing you.

5.   **DEFAULT**

In case of default where the client has failed to pay the required monthly retainer fee within ten (10) days of notice, the Firm has the right to declare a default of this agreement and withdraw from further representation of Client.  If the matter is in litigation, the firm will move to withdraw from representation.  If the matter is not in suit, the firm will send client a rejection/withdrawal

3

**JOHN H. RUIZ, P.A.**
5040 NW 7th Street, Penthouse, Miami, FL 33126  (305) 649-0020

letter.

## CLIENT FURTHER AGREES TO THE FOLLOWING:

6.  Client understands that it is hiring the Firm to defend him/her/it against a mortgage foreclosure or other collection efforts as a result of a note and/or mortgage obtained from a lender/mortgage broker/private lender or any other loan obtained by and/or provided to client and secured by a personal guarantee and/or security interest on a property.

7.  Client is aware that the note and/or mortgage require that certain payments be made as it pertains to the loan originally obtained on the subject property or properties. However, client has elected, based upon all of the circumstances explained, that client will no longer make payments as contemplated by the note and/or mortgage. In the event client has been late on existing payments or is in the process of foreclosure, client understands that law firm and/or any of its agents/and or other employees cannot guarantee the results or other outcome of any process or litigation.

8.  Client has also been made aware, that property taxes and/or insurance premiums may or may not be part of the loan payments depending on whether or not escrows were made a part of the loan. These amounts are due by client irrespective of the results of the note/mortgage dispute, hence, to the extent that client is able to make payment for these amounts these should be made separately.   Additionally, if client is required to make Association payments, Client is advised to continue these payments to avoid any liens and/or foreclosure for failure to pay the Association fees.

4

9.      Client should also be aware that if homeowner's insurance premiums are to be paid

out of the monthly mortgage payment, and the mortgage is in arrears, Client should know of the

possibility that there may be insufficient insurance coverage for the subject property. The Firm

has urged Client to obtain verification that there is sufficient insurance coverage on said property

throughout the duration of the litigation on the subject property and that the coverage covers

Client's personal property.

10.     The Firm has also advised the Client has failure to pay condominium or homeowner

maintenance fees and assessments on the property could result in additional liens and/or

foreclosure action being brought on the property. The Firm has not recommended that Client

stop paying their maintenance fees and assessments on the property.

11.     The Firm will review client's entire circumstances to determine if and why client may

have causes of action that can be pursued or defenses that may be asserted to reduce the amount

of the total debt, the amount of the monthly payments and/or a combination of both. The goal is

to determine if there are any available causes of action to pursue on behalf of client and to obtain

the most satisfactory results for client.

12. Client has been made aware that by failing to pay, default interest rates may apply as well as

other remedies available to lender(s) as a result of the failure to make payments. Client is

making a voluntary decision to stop making payments and/or to pursue the contemplated course

of action based on the client's specific needs and goals. Client has also been made aware that

5

**JOHN H. RUIZ, P.A.**
5040 NW 7th Street, Penthouse, Miami, FL 33126  (305) 649-0020

failing to make timely payments may/will affect Client's credit rating. The Firm will attempt to correct any negative credit remarks, but there are no guarantees.

13.     Law firm has explained to client that if client has other assets and lender obtains a judgment or other method of enforcement for failing to abide by the terms of the note or mortgage, client may be jeopardizing other assets. Accordingly, client has agreed to provide law firm with a Personal Financial Statement so that law firm can adequately inform client of the potential consequences of the contemplated action.

14.     Client has been made aware that by failing to make payments, all payments are being accumulated and client may ultimately be responsible for all payments.

15.     In addition to the fees paid to law firm, from time to time, law firm may expend money on behalf of client for surveys, appraisals or other experts and or costs associated with client's claim. In the event that funds are advanced, these funds will be collected from client if a new loan or loan modification may be obtained, these costs will be broken down for client and provided to client at the time of the final closing.

16.     Additionally, client under certain circumstances may have their credit pulled to determine what loan programs client may qualify for. Client will be informed once the information is obtained to determine what client is able to qualify for.

17.     **TERMINATION OF CONTRACT:**

It is understood that **JOHN H. RUIZ, P.A.**, in its sole discretion, have the right to determine whether the Clients are being fully cooperative, or whether the Clients' claim is sufficiently rewarding, or whether it has become unfeasible to continue to prosecute this claim.

6

**JOHN H. RUIZ, P.A.**
5040 NW 7th Street, Penthouse, Miami, FL 33126  (305) 649-0020

**JOHN H. RUIZ, P.A.**, upon the determination of any such circumstances stated above, reserves the right to withdraw as counsel and terminate this contract. Upon termination of contract by either party **JOHN H. RUIZ, P.A.**, shall be paid its fee earned from any pending offer, or on a quantum meruit basis, whichever is greater.

18.    **STATEMENT OF FACTS AND CIRCUMSTANCES:**

The facts and circumstances related by us to **JOHN H. RUIZ, P.A.** concerning our claim and/or case are true and correct to our knowledge.

The Attorneys do not make any guarantees regarding the success of Clients' claim or cause of action, but the Attorneys will use their best effort in attaining the successful completion of this matter.

> THIS CONTRACT MAY BE CANCELLED BY WRITTEN NOTIFICATION TO **JOHN H. RUIZ, P.A.**, AT ANY TIME WITHIN THREE (3) BUSINESS DAYS OF THE DATE THE CONTRACT WAS SIGNED, AS SHOWN BELOW, AND IF CANCELLED, THE CLIENT SHALL NOT BE OBLIGATED TO PAY ANY FEES TO **JOHN H. RUIZ, P.A.** FOR THE WORK PERFORMED DURING THAT TIME.
>
> IF **JOHN H. RUIZ, P.A.** HAS ADVANCED ANY FUNDS TO OTHERS IN REPRESENTATION OF THE CLIENT, **JOHN H. RUIZ, P.A.** ARE ENTITLED TO BE REIMBURSED FOR SUCH AMOUNTS AS IT WAS REASONABLY ADVANCED ON BEHALF OF THE CLIENTS.

19.    **COSTS OF COLLECTION**: If it is necessary for this Office to file suit against you for the collection of any sums due us from you under the Agreement, you shall pay as a reasonable attorney's fee together with Court costs for our efforts expended by us to collect the same. The venue will be Miami-Dade County, Florida.

7

**JOHN H. RUIZ, P.A.**
5040 NW 7th Street, Penthouse, Miami, FL 33126  (305) 649-0020

20.    **NON-WAIVER PROVISIONS**:    There is to be no waiver, change, or modification of this Agreement unless the same is in writing and signed by you and an Attorney from our Office.

21.    **CLOSING PROVISIONS**:  If the above correctly sets forth our agreement, please sign one (1) copy of this instrument.

We, the undersigned Clients, have, before signing this contract, received and read the STATEMENT OF CLIENT'S RIGHTS and understand each of the rights set forth therein. We have signed the STATEMENT OF CLIENT'S RIGHTS and received a copy to keep and refer to while being represented by the undersigned Attorneys.  We have read this contract and acknowledge receipt of a copy of the same.

We understand and accept the terms and conditions of this contract and hereby retain **JOHN H. RUIZ, P.A.** as our attorneys in any matter that may arise as set forth above and authorize them to represent us in such matter.

BY: _____    BY: _____
                                                                  JOHN H. RUIZ, P.A.
BY: _____

DATE: _04/05/09_____    DATE: _04/05/05_____

8

**JOHN H. RUIZ, P.A.**
5040 NW 7th Street, Penthouse, Miami, FL 33126  (305) 649-0020

# STATEMENT OF CLIENT'S RIGHTS

Before you, the prospective client, arranges a contingency fee agreement with a lawyer, you should understand this Statement of your rights as a client. This Statement is not a part of the actual contract between you and your lawyer, but as a prospective client, you should be aware of these rights:

1. There is no legal requirement that a lawyer charge a client a set fee or a percentage of money recovered in a case. You, the client, have the right to talk with your lawyer about the proposed fee and to bargain about the rate or percentage as in any other contract. If you do not reach an agreement with one lawyer you may talk with other lawyers.

2. Any contingency fee contract must be in writing and you have three (3) business days to reconsider the contract. You may cancel the contract without any reason if you notify your lawyer in writing within three (3) business days of signing the contract. If you withdraw from the contract within the first three (3) business days, you do not owe the lawyer a fee although you may be responsible for the lawyer's actual costs during that time. If your lawyer begins to represent you, your lawyer may not withdraw from the case without giving you notice, delivering necessary papers to you, and allowing you time to employ another lawyer. Often, your lawyer must obtain Court approval before withdrawing from a case. If you discharge your lawyer without good cause after the three (3) day period, you may have to pay a fee for work the lawyer has done.

3. Before hiring a lawyer, you, the client, have the right to know about the lawyer's education, training and experience. If you ask, the lawyer should tell you specifically about the lawyer's actual experience dealing with cases similar to yours. If you ask, the lawyer should provide information about special training or knowledge and give you this information in writing if you request it.

4. Before signing a contingency fee contract with you, a lawyer must advise you whether the lawyer intends to handle your case alone or whether other lawyers will be helping with the case. If your lawyer intends to refer the case to other lawyers, the lawyer should tell you what kind of fee sharing arrangement would be made with the other lawyers. If lawyers from different law firms will represent you, at least one lawyer from each law firm must sign the contingency fee contract.

5. If your lawyer intends to refer your case to another lawyer or counsel with other lawyers, your lawyer should tell you about that at the beginning. If your lawyer takes the case and later decides to refer it to another lawyer or to associate with other lawyers, you should sign a new contract that includes the new lawyers. You, the client, also have the right to consult with each lawyer working on your case and each lawyer is legally responsible to represent your interests and is legally responsible for the acts of the other lawyers involved in the case.

6. You, the client, have the right to know in advance how you will need to pay the expenses and the legal fees at the end of the case. If you pay a deposit in advance for costs, you may ask reasonable questions about how the money will be or has been spent and how much of it remains unspent. Your lawyer should give a reasonable estimate about future necessary costs. If your

1

**John H. Ruiz, P.A.**
5040 NW 7th Street, Penthouse, Miami, Florida 33126 (305) 649-0020

lawyer agrees to lend or advance you money to prepare or research the case, you have the right to know periodically how much money your lawyer has spent on your behalf. You also have the right to decide, after consulting with your lawyer, how much money is to be spent to prepare a case. If you pay the expenses, you have the right to decide how much to spend. Your lawyer should also inform you whether the fee will be based on the gross amount recovered or on the amount recovered minus the costs.

7. You, the client, have the right to be told by your lawyer about possible adverse consequences if you lose the case. Those adverse consequences might include money which you may have to pay to your lawyer for costs and liability you might have for attorney's fees to the other side.

8. You, the client, have the right to receive and approve a closing statement at the end of the case before you pay any money. The statement must list all of the financial details of the entire case, including the amount recovered, all expenses, and a precise statement of your lawyer's fee. Until you approve the closing statement you need not pay any money to anyone, including your lawyer. You also have the right to have every lawyer, or law firm working on your case, sign this closing statement.

9. You, the client, have the right to ask your lawyer at reasonable intervals how the case is progressing and to have these questions answered to the best of your lawyer's ability.

10. You, the client, have the right to make the final decision regarding settlement of a case. Your lawyer must notify you of all offers of settlement before and after the trial. Offers during the trial must be immediately communicated and you should consult with your lawyer regarding whether to accept a settlement. However, you must make the final decision to accept or reject a settlement.

11. If at any time, you, the client, believe that your lawyer has charged an excessive or illegal fee, you have the right to report the matter to The Florida Bar, the agency that oversees the practice and behavior of all lawyers in Florida. For information on how to reach the Florida Bar, call 850-561-5600, or contact the local bar association. Any disagreement between you and your lawyer about a fee can be taken to Court and you may wish to hire another lawyer to help you resolve this disagreement. Usually fee disputes must be handled in a separate lawsuit, unless your fee contract provides for arbitration. You can request, but may not require, that a provision for arbitration (under Chapter 682, Florida Statutes, or under the fee arbitration rule of the Rules Regulating The Florida Bar) be included in your fee contract.

_____
CLIENT'S SIGNATURE

_____
CLIENT'S SIGNATURE

04/09/09
DATE

_____
JOHN H. RUIZ, P.A.

_____
JOHN H. RUIZ, P.A.

04/09/09
DATE

2

**John H. Ruiz, P.A.**
5040 NW 7th Street, Penthouse, Miami, Florida 33126 (305) 649-0020

## CONTRATO DE SERVICIOS PROFESIONALES

A travez del presente instrumento, yo (nosotros), _Juan A Suarez_ , como "el cliente" contratamos a la Oficina Jurídica de JOHN H. RUIZ, PA para representarme (representarnos) como abogado en los asuntos relacionados con la propiedad o propiedades que se enumeran a continuación:

_8246 NW 108 Ave #2 Doral Fl 33178 ._

1. ## HONORARIOS DE ABOGADOS:

DEPOSITO: Al comienzo de nuestra representación, el cliente debera pagar al bufete de abogados la suma inicial de $ _1,000.00_ la porción no utilizada del deposito será _____ REEMBOLSABLE. El cliente se compromete a pagar al bufete de abogados, el 25% del monto mensual que deberia pagar por el prestamo de la propiedad o $ 500 minimo si el pago mensual es menor de $ 2000, dichos pagos seran acreditados como los honorarios de abogado para defender y /o juzgar cualquier accion que surja como resultado de una o más violaciónes en el momento de la adquisición del préstamo o en la forma en la que el préstamo ha sido procesado. El cliente se compromete a pagar al bufete de abogados la suma de $ _500.00_ mensualmente mientras dure la representación legal por el asunto antes mencionado.

Los pagos mensuales se deduciran teniendo en cuenta una tarifa minima de $ 500,00 por el trabajado del abogado John H. Ruiz, $ 300,00 por el de cualquier otro abogado asociado con el bufete y $ 125,00 por paralegales, y de acuerdo al resto de los cargos o costos relacionados con su caso en el momento de la facturación final. El cliente no será obligado a pagar más de la cuota mensual a menos que la se cumpla la condicion para pagos o costos adicionales que se enumeran a coantinuacion.

2.   **HONORARIO DE ABOGADO ADICIONALES:**

El cliente se compromete a pagar al bufete de abogados el 25% de cualquier diferencia entre la cantidad del actual prestamo o hipoteca existente y la cantidad nueva que se logre negociar a su favor. JOHN H. RUIZ, PA ayudara a los clientes a obtener un nuevo préstamo o una modificación del actual préstamo basado en la capacidad del cliente para calificar para dicho prestamo. El cliente debera pagar el 25 % solo en el caso de que se logre modificar la cantidad del actual prestamo o hipoteca basado en la capacidad del cliente de obtener un nuevo prestamo o hipoteca.

Por otro lado, el cliente se compromete a pagar el 25% de cualquier recuperación monetaria al finalizar la demanda hipotecaria, o el 25% de cualquier cargo que la corte o el tribunal ordene a pagar a cualquier persona o institucion demandada, incluyendo la cantidad de interes acumulado y otorgado por la corte o tribunal que tramite la demanda.

Adicionalmente, JOHN H. RUIZ, PA. tendra derecho a cobrar el monto mas alto entre honorarios de abogados ya sea basado en la ley de la Florida y / o la ley federal, ya sea por ley, por contrato o por un acuerdo con el demandado por gastos de abogados en virtud de alguna ley estatal o federal que autorize dicho acuerdo y/o de acuerdo a un

contrato con el cliente que le de derechos al bufete de abogados de cobrar honorarios de abogado ya sea producto de una reclamacion individual o demanda colectiva.

3.  **REPRESENTACION, INVESTIGACION Y COSTOS ADICIONALES:**

Estos costos son separados y aparte de los honorarios de abogados. Los costos incluyen, pero no se limitan a, gastos por presentar la demanda, honorarios de los testigos peritos, declaracion juradas, reportero de la corte, tarifa de llamadas de larga distancia, fotocopias, etc.  JOHN H. RUIZ, PA pagará estos costos por adelantado, sin embargo, una vez que se llegue a una solución y / o sentencia, entonces JOHN H. RUIZ, PA podrá retener y deducir dichos costos que se pagaron de manera avanzada antes del desembolso de cualquier cantidad determinada a favor del cliente ya sea a travez de la resolucion judicial o acuerdo.

4.  **FACTURACIÓN FINAL:**

La facturación final se basará en la tarifa, antes mencionada y acordada por contrato. En la facturacion final se debera tener en cuenta:

A.  los resultados obtenidos,

B.  la cantidad en controversia,

C.  la novedad y la dificultad del caso,

D.  las habilidades necesarias para presentar su caso,

E.  la experiencia, los conocimientos y la capacidad de nuestra empresa, junto con la consiguiente responsabilidad que implica su caso, y

F.  si /no la naturaleza del empleo pudo causar la pérdida de otro negocio rentable.

Estas normas han sido establecidas por el Registro de Abogados de la Florida, de conformidad con el artículo 1.5 de las normas que regulan la Asociacion de Abogados de la Florida, en las partes aplicables al presente acuerdo.

### 5.   OFICINA DE REPRESENTA CLIENTE:

El cliente debe saber y entender que está siendo representado por esta Oficina y cualquier abogado asociado o empleado de la odicina lo podra  representar. Las tasas y los costos anteriormente descrita anteriormente no difieren en espera de que el Fiscal se encuentra en esta Oficina en última instancia, en representación de usted.

### 6.   INCUMPLIMIENTO:

En caso de incumplimiento del cliente de pagar los honorarios mensuales de servicio de abogado dentro de los diez (10) días de preaviso, la firma tendrá el derecho de declarar un incumplimiento de este acuerdo y terminar la representacion del cliente. Si el asunto está en litigio, la firma presentara una mocion para retirar su representación, si el caso no esta en litigio se le enviara una  carta al cliente terminando la representacion.

### OTROS ACUERDOS:

7.   El cliente entiende que esta contratando a la firma para defenderlo en contra de ua demanda hipotecaria o colección de deuda como consecuencia de un prestamo hipotecario obtenido de un prestamista o agente de hipotecas; prestamista privado o cualquier otro préstamo obtenido por y / o prestados a o los clientes y garantizado personalmente o con una garantía sobre la propiedad.

8.   El cliente es consciente de que el prestamo o hipoteca requieren que se hagan ciertos pagos pertenecientes al prestamo original obtenido en dicha propiedad o propiedades. Sin embargo, el cliente ha elegido, basado en todas las circunstancias

explicadas, que no efectuará ningun pago rquerido, previsto y contemplado en el prestamo o hipoteca. En el caso de pagos tardios de parte del cliente o que el cliente se ecuentre en medio de una demanda de hipoteca, el  cliente entiende que el bufete de abogados y / o cualquiera de sus agentes y / u otros empleados no pueden garantizar los resultados u otros resultados de cualquier proceso o litigio.

9.    El cliente también ha sido informado, que los impuestos sobre la propiedad y / o primas de seguros pueden o no ser parte de los pagos del préstamo, dependiendo o no si estos fueron contemplados en el prestamo. Dichas cantidades y/o pagos se deben por el cliente idependientemente de cual o cuales sean los resultados de la disputa sobre el prestamo o la hipoteca. De manera que estos pagos deben hacerse por separado. Además, si el cliente está obligado a hacer pagos de asociación, la firma aconseja al cliente siga realizando estos pagos para evitar cualquier tipo de gravámenes y / o de demanda hipotecaria por honorarios de la Asociación.

10.    El cliente también debe saber que si la prima de seguro de la propiedad es pagada como parte del pago mensual del prestamo y dichos pagos se encuentran retrazados, existe la posibilidad de que la covertura de seguro para su propiedad sea limitada. La firma le pide al cliente que obtenga la verificacion de que existe covertura de seguro suficiente para la propiedad mientras dura la demanda sobre el prestamo o la hipoteca y que dicha covertura incluye los bienes personales del cliente.

11.    La firma tambien advierte al cliente de que la falta de pago de la asociacion o algun pago en relacion con el mantenimiento de la propiedad puede resultar en una penalidad adicional o gravamen u otro tipo de accion legal en contra del cliente. La firma no recomienda al cliente detener estos pagos.

**JOHN H. RUIZ, P.A.**
5040 NW 7th Street, Penthouse, Miami, FL 33126  (305) 649-0020

12.    La firma hara una revision de las circunstancias de cada cliente y/o cada caso especifico con el fin de determinar las bases para una demanda o defensa para reducir el monto total de la deuda y el monto de los pagos mensuales y/o una combinacion de ambos. El objetivo es poder determinar la existencia de base legal que permita obtener el resultado mas satisfactorio a favor del cliente.

13.    El cliente es consciente de que el no pago de las cuotas mensuales, es causa de un incumplimiento tambien del pago de los intereses que pueden tambien ser aplicables y usado como un recurso en su contra por parte del prestamista. (s). El cliente esta tomando una decision voluntaria de detener los pagos mensuales de su prestamo o hipoteca hasta que se llegue a una resolucion de su caso, basado en las necesidades especificas y los objetivos del cliente. El cliente también esta consciente de que no hacer los pagos mensuales en tiempo puede afectar su calificación crediticia. La Firma en lo posible tratará de corregir dichos comentarios negativos de crédito, pero no existen garantías.

14.    El bufete de abogados ha explicado al cliente que si este tiene otros activos y el prestamista obtiene una sentencia u otro método de ejecución en contra del cliente por no cumplir con los términos el prestamo o hipoteca, estos activos pueden quedar en riesgo. De manera que el cliente debe de proveer a la firma con un Estado de Cuentas personales, para que se le pueda informar en tiempo y forma las posibles consecuencias que puede acarrearr esta accion para el cliente con respecto a dichos activos.

15.    El cliente esta consciente de que al no efectuar los pagos,  todos estos pagos se acumularan y el cliente sera responsable por todos los pagos.

16.    Además de los honorarios pagados a los abogados, duarante el proceso la firma puede necesitar algun otro servicio en nombre del cliente los cuales pueden comprender:

inevstigaciones, avaluos de las propiedades, pago de expertos en la materia y otros costos relacioandos con el reclamo del cliente. Además, en determinadas circunstancias, el credito del cliente debera ser revisado para determinar para que programas de préstamos el puede calificar. En el caso de que estos servicios sean usados, los fondos usados y pagados for la firma serán colectados del cliente si existe una modificacion del prestamo o un nuevo prestamo es obtenido. Estos costos seran desglozados y proveidos al cliente al momento del cierre definitivo de la accion.

17.    **TERMINACION DEL CONTRATO:**

Se entiende que JOHN H. RUIZ, PA, a su discreción, tienen derecho a determinar si los clientes están siendo plenamente cooperativos, o si el caso es suficientemente gratificantes, o si por alguna razon se ha hecho imposibe continuar la accion iniciada. JOHN H. RUIZ, PA, de acuerdo con dicha determinación y según las circunstancias señaladas anteriormente, se reserva el derecho a retirarse como abogado y terminar el presente contrato. Tras la terminacion del contrato por cualquiera de las partes JOHN H. RUIZ, PA, cobrara sus honorarios devengados de cualquier ofrecimiento pendiente, o sobre la base quantum meruit, o lo que sea mayor.

18.    **DECLARACION DE HECHOS Y CIRCUNSTANCIAS:**

Los hechos y circunstancias dados por el cliente a JOHN H. RUIZ, PA en relación con el reclamo y / o casos son verdaderas y correctas a según el conocimiento del cliente. Los abogados no ofrecen ninguna garantía en relación con el éxito de la reclamación de los clientes o si existen bases para una demanda, pero los abogados utilizará sus mejores esfuerzos para lograr la conclusión satisfactoria de este asunto.

El presente contrato podrá ser cancelado por notificación escrita a JOHN RUIZ, PA, en cualquier momento dentro de los tres (3) días hábiles de la fecha en que el contrato fue firmado, como se muestra a continuación y, si es cancelado, el cliente no podrá ser obligado a pagar ningun honorario de abogado a JOHN H. RUIZ, PA por el trabajo realizado durante ese tiempo.

Si JOHN H. RUIZ, P.A. ha pagado por algun servicio de los mencionados anteriormente a terceras personas en representación del cliente, JOHN H. RUIZ, PA tiene derecho a ser reembolsado por esas cantidades, ya que fueron razonablemente pagadas en nombre de los clientes.

19. **COSTOS DE COLLECCION:**

Si es necesario que esta Oficina presente una demanda en su contra para el cobro de cualquier sumas debidas a nosotros de parte del cliente y bajo las condiciones de este acuerdo, el cliente deberá pagar los honorarios de abogado que sean razonables, asi como los gastos de Corte por los esfuerzos de la firma en tratar de de collectar dichos montos. La jurisdicion para cualquier accion derivada de este contrato será el condado Miami-Dade, Florida.

20. **DISPOCICIONES SOBRE LA RENUNCIA:**

Toda renuncia, cambio, o modificación del presente acuerdosera invalido a salvo que el mismo se realice por escrito y firmado por el cliente y por un abogado de nuestra Oficina.

21. **DISPOSICIONES FINALES:**

Si lo anterior se ha establecido correctamente como nuestro acuerdo, por favor, firme una (1) copia de este instrumento.

Yo/ Nosotros, "el cliente" hemos recibido y leído la DECLARACIÓN DE DERECHOS DEL CLIENTE antes de firmar este contrato y hemos entendido cada uno de los derechos enunciados en el mismo. Hemos firmado la DECLARACIÓN DE DERECHOS DEL CLIENTE y recibido una copia que mantendremos como referencia durante el tiempo que estemos representados por el bufete de abogados abajo firmantes. Hemos leído este contrato y hacemos acuse de recibo de una copia del mismo. Entendemos y aceptamos los términos y condiciones del presente contrato y decidimos mantener a JOHN H. RUIZ, P.A como nuestros abogados en cualquier asunto que pueda surgir por lo anteriormente indicado y autorizamos a que nos represente en dicho asunto.

POR : _____     POR : _____
                                    JOHN H. RUIZ, P.A.

POR:_____

FECHA :_____     FECHA : 04/09/05.

## DECLARACION DE LOS DERECHOS DEL CLIENTE

Antes de que usted, como cliente potencial, suscriba un contrato con un abogado estableciendo honorarios a título de contingencia, es necesario que usted entienda la presente Declaración de los Derechos del Cliente. Aunque la presente Declaración no forma parte del contrato entre usted y su abogado, como cliente potencial usted debe conocer sus derechos.

1.     La ley no exige que el abogado cobre al cliente honorarios determinados, ni un porcentaje de lo recuperado en un caso, por lo que usted, como cliente, tiene el derecho de discutir y negociar con el abogado los honorarios propuestos como si se tratara de un contrato cualquiera. Si no llegara a ponerse de acuerdo con el abogado, usted puede y debe consultar a otros abogados.

2.     Todo contrato que fije honorarios a título de contingencia debe ser por escrito y usted dispondrá de tres días hábiles después de la firma para pensarlo bién. Usted podrá anular el contrato sin justificar el motivo, avisando al abogado dentro de los tres días hábiles contados a partir del día de la firma del mismo. Si usted anula el contrato dentro de ese período, no le deberá al abogado nada por concepto de honorarios, aunque es posible que deba pagar por los gastos incurridos por el abogado durante el tiempo transcurrido. Si el abogado inicia su representación, el mismo no podrá retirarse de la causa sin antes notificarselo a usted, devolverle toda la documentación referente al caso y concederle un plazo prudencial para contratar los servicios de otro abogado. En muchos casos, el abogado ha de obtener la venia del tribunal antes de que pueda retirarse de la causa. Si usted anula el contrato injustificadamente después del período de tres días, es posible que tenga que pagar honorarios por el trabajo efectuado.

3.     Antes de contratar los servicios de un abogado, usted como cliente, tiene el derecho de pedir información sobre la formación académica, referencias profesionales y experiencia del abogado. Si usted pregunta sobre el particular, el abogado deberá responderle específicamente sobre su experiencia en casos semejantes al suyo en particular sobre su educación especial o los conocimientos especiales que tenga, debiendo además, proporcionalmente la información por escrito si usted así lo solicita.

4.     Antes de firmar con usted un contrato de honorarios a título de contingencia, el abogado tiene la obligación de informarle si se propone llevar su causa sólo o si otros abogados le ayudarán a llevarla. Si el abogado tiene el propósito de referir su caso a otros abogados, deberá informarle la forma cómo va a compartir los honorarios con los demás abogados. Y si a usted le va a representar varios abogados de distintos bufetes, por lo menos un abogado de cada bufete deberá firmar el contrato de honorarios a título de contingencia.

5.     Si el abogado tiene el propósito de remitir su causa a otro abogado o de asesorarse con otros abogados, deberá notificarselo a usted desde el comienzo. Si el abogado acepta la causa y decide posteriormente referirla a otro abogado o asociarse con otros abogados, usted debe firmar un nuevo contrato que incluya a los nuevos abogado. usted como cliente también tiene le derecho de consultar con cada uno de los abogados que estén llevando su causa y cada uno de ellos tiene la responsabilidad legal de representar sus intereses, así como responder por las acciones u omisiones de los demás abogados involucrados en la causa.

JOHN H. RUIZ, P.A.
5000 N.W. 7th Street, Penthouse, Florida 33126 (305) 649-0822

6.      Usted como cliente, tiene derecho de conocer anticipadamente de qué manera habrá de pagar los costos y honorariors de abogados al término de la causa.  Si paga un anticipo para costos podrá indagar de manera razonable la forma en que se efectuará el desembolso o de como se ha desembolsado el dinero y qué saldo queda por desembolsar.  El abogado deberá proporcionarle un estimado razonable sobre los gastos futuros.  Si el abogado conviene en anticipar algún dinero por preparar e investigar la causa, usted tiene derecho a saber periódicamente cuánto dinero se ha desembolsado en su nombre y también tiene derecho a decidir, después de consultar con el abogado, la suma de dinero que habrá de desembolsar para preparar el caso.  Si usted paga los gastos, tiene derecho de saber el monto del desembolso.  El abogado también deberá informarle si los honorarios se basan en el monto bruto de lo recuperado o en el monto de lo recuperado una vez deducidas los gastos.

7.      Usted como cliente, tiene derecho a que el abogado le informe sobre las posibles consecuencias en caso de que se pierda el juicio.  Esas consecuencias negativas pueden incluir el dinero que usted tendrá que pagarle al abogado por concepto de gastos, así como su reponzabilidad por el pago de honorario al abogado del adversario.

8.      Usted como cliente, tiene derecho a recibir y aprobar una liquidación final al término de la causa.  Dicha liquidación deberá incluir todo los gastos del caso, el monto de lo recuperado y una estipulación exacta de los honorarios del abogado.  Hasta que usted no apruebe la liquidación final, no tendrá la obligación de pagar ninguna suma a nadie, nio siquiera al propio abogado.  También tiene derecho a que todos los abogados y bufetes que hayan llevado su causa firmen dicha liquidación final.

9.      Usted como cliente, tiene el derecho de preguntar al abogado, con una frecuencia razonable sobre la marcha de la causa y a que el mismo le conteste conforme a sus conociementos.

10.     Usted como cliente, tiene el derecho de tomar la decisión difinitiva sobre el convenimiento o arreglo de la causa.  El abogado deberá notificarle de toda oferta de transacción efectuada tanto antes como después de la vista de la causa.  Las ofertas hechas durante el transcurso de la vista se deberán comunicar inmediatamente y usted deberá consultar al abogado respecto a la aceptación o el rechazo de las misma.  No obstante, es usted quién deberá tomar la decisión definitiva de aceptar o de rechazar un arreglo.

11.     Si en cualquier momento usted como cliente, cree que el abogado ha cobrado honorarios exesivos o ilícitos, a usted le asiste el derecho de denunciar el hecho a "The Florida Bar"/ Colegio de Abogados de la Florida/, que es la entidad que vela por el ejercicio profesional y la conducta de todos los abogados de la Florida.  Para enterarse de cómo puede ponerse en contacto con " The Florida Bar", llama al 1-800-342-8060, o póngase en contacto con el "Bar Association"/ Colegio de Abogados/ de su localidad.

Toda la controversia que se produzca entre usted y su abogado respecto a honorarios puede llevarse ante los tribunales, en cuyo caso puede que usted desee contratar a otro abogado para que le auxilie en la solución de dicha controversia.  Por regla general, los asuntos contenciosos sobre cuestiones de honorarios deben ventilarse en un juicio separado, a menos que su contacto idique que debe someterse al arbitraje.  Usted puede solicitar, pero no puede exigir, que se incluya en el contrato de honorarios una previsión para arbitraje bajo el capiutlo 682 de los Estatutos de la Florida, o bajo las

Reglas para el Arbitraje de los Reglamentos del Colegio de Abogados de la Florida.

_____
FIRMA DEL CLIENTE                    FECHA  04/09/09.

_____
FIRMA DEL CLIENTE                    FECHA

_____
JOHN H. RUIZ, P.A.                   FECHA

LAW OFFICES OF

# JOHN H. RUIZ, P.A.

ATTORNEYS AT LAW

## ADDENDUM TO CONTRACT FOR LEGAL SERVICES

| Property Addresses (Direccion de la propiedad) | Title Owner (Nombre de duenos de la casa) | Mortgage Holder (Personas que firmaron la hipoteca) | Note Holder (Personas que firmaron la nota o el prestamo) | Initial Payment (Pago inicial) | Monthly Payment (Pago mensual) | Commencement Date of Monthly Payment (Dia inicial del pago mensual) | Amount applicable to initial costs (Gastos iniciales) | TILA Rescission* (see below) (lea abajo) | Were you aware that your salary was misrepresented on the 1003 Form / Usted sabia que su salario estaba incorrecto en la forma 1003 | I want to pursue a claim for fraud. / Yo quisiera hacer una reclamacion para fraude. |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | YES | YES | YES |
| | | | | | | | | NO | NO | NO |
| | | | | | | | | YES | YES | YES |
| | | | | | | | | NO | NO | NO |
| | | | | | | | | YES | YES | YES |
| | | | | | | | | NO | NO | NO |

"Do you want to claim a Truth in Lending Act violation where the remedy is rescission? If so, have you been fully explained all of the consequences that can arise? If this is done, you may have to return your property to the bank within 20 days of notice to them if they accept."

"Usted desea hacer un reclamo basado en la ley TILA (Truth in Lending Act) y donde la resolucion de su reclamo es la Rescicion del Contrato? Si su respuesta es SI, entonces tiene usted conocimiento de todas las consecuencias en que puede resultar dicho reclamo? Debe de saber que en caso de que el reclamo sea aceptado entonces una de las consecuencias es que usted debe entregar la propiedad al Banco dentro de los siguientes 20 dias de que el reclamo haya sido aceptado.

CLIENT SIGNATURE/ FIRMA**

DATE/ FECHA  06/02/05

**I have read the areas in which I have circled either yes or no and also initialed. My signature above confirms that I do/do not want to pursue a TILA rescission and/or a fraud claim.

**He leido las areas donde circule SII NO y tambien puse mis iniciales. Por medio de mi firma arriba confirmo que yo QUIERO/NO QUIERO reclamar una violacion de las regulaciones de TILA o una reclamacion por fraude.

LAW OFFICES OF

# JOHN H. RUIZ, P.A.

ATTORNEYS AT LAW

Karen J. Barnet-Backer, Esquire
Ralip Hernandez, Esquire
Hector Pena, Esquire
Jessica Reyes, Esquire
John H. Ruiz, Esquire

**Areas of Practice:**
Wrongful Death
Personal Injury
Medical Negligence
Commercial Litigation
Insurance Litigation
Mass Tort Litigation
Class Action Litigation
Immigration
Social Security

**"AV" Rated Law Firm**

## ACCOUNT NUMBER: _____

## THIRD PARTY AUTHORIZATION AGREEEMENT

I, _____, ("Borrower") do hereby authorize, _____, to release any and all information about this account to the third party indicated below. I understand that information released by _____ may include, but is not limited to, information relating to my personal financial information, including my social security number, date of birth, etc., credit information, loan and payment transactions and/or the provision of copies of my loan documents and/or any other information that my attorney may seek.

### THIRD PARTY INFORMATION
**Name:**
JOHN H. RUIZ, P.A. AND/OR ANY
ASSOCIATE OR EMPLOYEE OF THE
ABOVE MENTIONED

**Address:**
5040 N.W. 7TH STREET, SUITE 920
MIAMI, FL 33126

**Phone Number:**
(305) 649-0020

**Fax Number:**
(305) 649-6070

**Relationship to Borrower:**
ATTORNEY

Primary Borrower's Signature: _____

S.S. # 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

DATE  04/09/09

Co-Borrower's Signature: _____

S.S. # _____

DATE _____

5040 NW 7th Street, Penthouse
Miami, Florida 33126

Telephone: (305) 649-0020
Facsimile: (305) 649-6070

Web Site: johnruizlaw.com
E-Mail: jruiz@johnruizlaw.com

Exhibit 2

# Statement

La Ley Con John H. Ruiz P.A ( Foreclosure)

4182 SW 74 CT
Miami, Fl 33155

| Date |
|------|
| 1/5/2016 |

| To: |
|-----|
| Juan A Suarez<br>8246 NW 108 Ave., #2<br>Doral , Fl 33178 |

| Amount Due | Amount Enc. |
|------------|-------------|
| $11,500.00 | |

| Date | Transaction | Amount | Balance |
|------|-------------|--------|---------|
| 03/31/2009 | Balance forward | | 0.00 |
| 04/09/2009 | INV #9885. | 500.00 | 500.00 |
| | --- Juan A Suarez $500.00 | | |
| 04/09/2009 | INV #9886. | 500.00 | 1,000.00 |
| | --- Juan A Suarez Court Cost $500.00 | | |
| 04/11/2009 | PMT #147. April and Court | -1,000.00 | 0.00 |
| 05/09/2009 | INV #12536. | 500.00 | 500.00 |
| | --- Juan A Suarez $500.00 | | |
| 05/13/2009 | PMT #101. May Payment | -500.00 | 0.00 |
| 06/09/2009 | INV #20564. | 500.00 | 500.00 |
| | --- Juan A Suarez $500.00 | | |
| 06/16/2009 | PMT #104. June | -500.00 | 0.00 |
| 07/09/2009 | INV #20565. | 500.00 | 500.00 |
| | --- Juan A Suarez $500.00 | | |
| 08/03/2009 | PMT #107. July | -500.00 | 0.00 |
| 08/09/2009 | INV #21035. | 500.00 | 500.00 |
| | --- Juan A Suarez $500.00 | | |
| 08/14/2009 | PMT #109. AUGUST PAYMENT | -500.00 | 0.00 |
| 09/09/2009 | INV #24726. | 500.00 | 500.00 |
| | --- Juan A Suarez $500.00 | | |
| 09/16/2009 | PMT #111. Sept Payment | -500.00 | 0.00 |
| 10/09/2009 | INV #28053. | 500.00 | 500.00 |
| | --- Juan A Suarez Monthly $500.00 | | |
| 10/20/2009 | PMT #119. Oct Payment | -500.00 | 0.00 |
| 11/09/2009 | INV #30292. | 500.00 | 500.00 |
| | --- Juan A Suarez $500.00 | | |
| 11/17/2009 | PMT #124. Nov Payment | -500.00 | 0.00 |
| 12/09/2009 | INV #34463. | 500.00 | 500.00 |
| | --- Juan A Suarez Monthly $500.00 | | |
| 12/22/2009 | PMT #130. DEC | -500.00 | 0.00 |
| 02/09/2010 | INV #39939. | 500.00 | 500.00 |
| | --- Juan A Suarez $500.00 | | |
| 02/16/2010 | PMT #139. Feb | -500.00 | 0.00 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---------|--------------------|--------------------|--------------------|-----------------------|------------|
| 0.00 | 0.00 | 0.00 | 0.00 | 11,500.00 | $11,500.00 |

# Statement

La Ley Con John H. Ruiz P.A ( Foreclosure)
4182 SW 74 CT
Miami, Fl 33155

| Date |
| --- |
| 1/5/2016 |

| To: |
| --- |
| Juan A Suarez<br>8246 NW 108 Ave., #2<br>Doral , Fl 33178 |

| Amount Due | Amount Enc. |
| --- | --- |
| $11,500.00 | |

| Date | Transaction | Amount | Balance |
| --- | --- | --- | --- |
| 03/09/2010 | INV #43411.<br>--- Juan A Suarez $500.00 | 500.00 | 500.00 |
| 04/09/2010 | INV #46709.<br>--- Juan A Suarez $500.00 | 500.00 | 1,000.00 |
| 05/09/2010 | INV #49869.<br>--- Juan A Suarez $500.00 | 500.00 | 1,500.00 |
| 06/04/2010 | PMT #155. March & April | -1,000.00 | 500.00 |
| 06/09/2010 | INV #52868.<br>--- Juan A Suarez $500.00 | 500.00 | 1,000.00 |
| 07/09/2010 | INV #55945.<br>--- Juan A Suarez $500.00 | 500.00 | 1,500.00 |
| 08/09/2010 | INV #58916.<br>--- Juan A Suarez $500.00 | 500.00 | 2,000.00 |
| 09/09/2010 | INV #61928.<br>--- Juan A Suarez $500.00 | 500.00 | 2,500.00 |
| 10/09/2010 | INV #65049.<br>--- Juan A Suarez $500.00 | 500.00 | 3,000.00 |
| 11/09/2010 | INV #67986.<br>--- Juan A Suarez $500.00 | 500.00 | 3,500.00 |
| 12/09/2010 | INV #70958.<br>--- Juan A Suarez $500.00 | 500.00 | 4,000.00 |
| 01/09/2011 | INV #73781.<br>--- Juan A Suarez $500.00 | 500.00 | 4,500.00 |
| 02/09/2011 | INV #76429.<br>--- Juan A Suarez $500.00 | 500.00 | 5,000.00 |
| 03/09/2011 | INV #79139.<br>--- Juan A Suarez $500.00 | 500.00 | 5,500.00 |
| 04/09/2011 | INV #81772.<br>--- Juan A Suarez $500.00 | 500.00 | 6,000.00 |
| 05/09/2011 | INV #84258.<br>--- Juan A Suarez $500.00 | 500.00 | 6,500.00 |
| 06/09/2011 | INV #86744.<br>--- Juan A Suarez $500.00 | 500.00 | 7,000.00 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
| --- | --- | --- | --- | --- | --- |
| 0.00 | 0.00 | 0.00 | 0.00 | 11,500.00 | $11,500.00 |

# Statement

La Ley Con John H. Ruiz P.A ( Foreclosure)
4182 SW 74 CT
Miami, Fl 33155

| Date |
| --- |
| 1/5/2016 |

| To: |
| --- |
| Juan A Suarez<br>8246 NW 108 Ave., #2<br>Doral , Fl 33178 |

| Amount Due | Amount Enc. |
| --- | --- |
| $11,500.00 | |

| Date | Transaction | Amount | Balance |
| --- | --- | --- | --- |
| 07/09/2011 | INV #89209.<br>--- Juan A Suarez $500.00 | 500.00 | 7,500.00 |
| 08/09/2011 | INV #91601.<br>--- Juan A Suarez $500.00 | 500.00 | 8,000.00 |
| 09/09/2011 | INV #93992.<br>--- Juan A Suarez $500.00 | 500.00 | 8,500.00 |
| 10/09/2011 | INV #96283.<br>--- Juan A Suarez $500.00 | 500.00 | 9,000.00 |
| 11/09/2011 | INV #98412.<br>--- Juan A Suarez $500.00 | 500.00 | 9,500.00 |
| 12/09/2011 | INV #918629.<br>--- Juan A Suarez $500.00 | 500.00 | 10,000.00 |
| 01/09/2012 | INV #920698.<br>--- Juan A Suarez $500.00 | 500.00 | 10,500.00 |
| 02/09/2012 | INV #922793.<br>--- Juan A Suarez $500.00 | 500.00 | 11,000.00 |
| 03/09/2012 | INV #924800.<br>--- Juan A Suarez $500.00 | 500.00 | 11,500.00 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
| --- | --- | --- | --- | --- | --- |
| 0.00 | 0.00 | 0.00 | 0.00 | 11,500.00 | $11,500.00 |